**CENTRAL VERMONT RAILWAY, INC., et al.**

v.

**UNITED STATES of America, and Interstate Commerce Commission.**

Civ. A. No. 4010.

United States District Court
D. Vermont.

March 29, 1966.

See also D.C., 231 F.Supp. 967.

J. Edgar McDonald, New York City, Horace H. Powers, St. Albans, Vt., William H. Parsons, Washington, D. C., John F. Reilly, Albany, N. Y., for plaintiff.

David G. Bress, U. S. Atty., and Asst. U. S. Atty., Leonard S. Goodman, Washington, D. C., E. B. Ussery, Columbia, S. C., for Beneficiaries under Reparation of Interstate Commerce Commission. John H. D. Wigger, Washington, D. C., for defendants.

GIBSON, District Judge.

On June 2, 1964, the plaintiffs filed their complaints asking this Court to set aside and annul reports and orders of the Interstate Commerce Commission. In their prayers, plaintiffs prayed that this Court restrain and suspend the orders of the Commission dated May 7, 1958, February 19, 1959 and April 2, 1964, pending the final hearing and determination of this action; that after hearing this Court enter a decree permanently suspending, enjoining, setting aside and annulling said orders of the Commission. The decision and order of the Interstate Commerce Commission of April 2, 1964 ordered the plaintiffs, or some of them, to pay unto the complainants, H. K. Porter Company, Inc., Raybestos-Manhattan, Inc., Union Asbestos & Rubber Company and Carolina Asbestos Company, on or before June 11, 1964 various sums of money which were in the nature of refunds for unjust charges found that were collected

in transportation of crude asbestos, asbestos fiber, asbestos waste, refuse and shorts from origins in Canada to destinations in North and South Carolina. This order of the Interstate Commerce Commission was a reparation order and it was not accompanied by a cease and desist order.

This Court on June 5, 1964 entered a temporary restraining order as requested by the plaintiffs and ordered that a hearing as to whether or not a preliminary injunction should be issued should be held on the 15th of June, 1964 in Brattleboro, Vermont. Hearing was held in Brattleboro on said June 15th and the temporary restraining order by agreement of parties continued until June 22, 1964. On June 19, 1964, this Court cancelled the temporary restraining order issued on June 5 and denied the issuance of a temporary injunction.

On August 13, 1964 a joint answer of the United States of America and the Interstate Commerce Commission was filed asking for the dismissal of the plaintiffs' complaint in this action on the grounds that this Court lacked jurisdiction to entertain the complaint; secondly, if this Court does have jurisdiction, nevertheless it should dismiss the complaint in the exercise of a sound equitable discretion and defer to the forum to be chosen by the shipper for the enforcement of the reparation order herein involved, and further, the answer averred that the decision of the United States Supreme Court in H. K. Porter Co. v. Central Vermont Railway, 366 U.S. 272, 81 S.Ct. 1341, 6 L.Ed.2d 284, is *res judicata* of the issues presented in the present complaint and further that the plaintiffs are collaterally estopped by the foregoing United States Supreme Court decision.

This cause came on for hearing on September 2, 1964. At this hearing, it developed that the United States Court of Appeals for the Fifth Circuit had on July 8, 1964 rendered a decision in a case entitled Interstate Commerce Commission v. Atlantic Coast Line Railroad Co. et al., 334 F.2d 46. This case involved the very question at issue here. This decision was adverse to the contention of the Interstate Commerce Commission. However, this Court was advised that the Interstate Commerce Commission was seeking a writ of certiorari from the United States Supreme Court. This Court accordingly took the case under advisement. Subsequently, this Court was advised that on January 18, 1965, the Supreme Court granted the Commission's petition for writ of certiorari but there appeared to be little likelihood that the Supreme Court would decide this appeal in that term. 379 U.S. 957, 85 S.Ct. 658, 13 L.Ed.2d 553. Accordingly, this Court has held this case under consideration pending the decision of the United States Supreme Court in the case of Interstate Commerce Commission v. Atlantic Coast Line Railroad Co. et al., 86 S.Ct. 1000. On March 22, 1966 the Supreme Court reversed the Fifth Circuit and held "that when the Commission issues a reparation order, not accompanied by a cease-and-desist order, a carrier may obtain review of the Commission's order only in the court where the shipper commences its enforcement action—or where the shipper seeks review of the Commission's order", citing Consolo v. Federal Maritime Commission, 86 S.Ct. 1018, a decision handed down by the United States Supreme Court also on March 22, 1966.

### JUDGMENT ORDER

Since the reparation order issued by the Commission in this case was not accompanied by a cease and desist order, this Court has no jurisdiction of the matters set forth in the complaint and the complaint is hereby dismissed.